**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EXPORTADORA ACONCAGUA, LTDA, <br><br> vs. <br><br> HERITAGE PRODUCE SALES, INC., <br><br> Defendant. <br> ──────────────────────────/ <br> AND RELATED CROSS-ACTION. <br> ──────────────────────────/ | CASE NO. CV-F-03-5472 LJO <br><br> **ORDER ON DEFENDANT'S MOTION TO MODIFY JUDGMENT** (Doc 61) |

By notice filed on October 24, 2005, Defendant Heritage Produce Sales, seeks an order to modify the judgment to grant defendant Heritage's costs pursuant to Rule 68. Plaintiff Exportadora Aconcagua, LTDA filed an opposition on November 3, 2005. Heritage filed a reply on November 29, 2005. The matter came on regularly for hearing on December 2, 2005 in Department 6 of the above-entitled court. Plaintiff Exportadora Aconcagua LTDA appeared by telephone by counsel Craig A. Stokes, Santos Stokes LLP. Defendant Heritage Produce Sales, Inc. appeared by counsel Joseph Uremovic, Law Offices of Joseph A. Uremovic.. Having considered the moving, opposition, and reply papers, as well as the arguments of counsel and the Court's file, the Court issues the following order.

**FACTUAL AND PROCEDURAL BACKGROUND**

On April 17, 2003, Plaintiff Exportadora Aconcauga ("Aconex") filed its complaint alleging that it shipped grapes to defendant Heritage from Chile in 2002 and that defendant failed to sell the grapes in a timely fashion, sold them at prices substantially below market price and dumped them. The complaint sought $146,450.99, and attorneys fees, costs and prejudgment interest.

Heritage filed a cross complaint seeking the overpayment of advances and the value of a truck owned by Heritage in Chile that was converted by Aconex. On June 9, 2004, Heritage made a Rule 68 offer of judgment to allow judgment to be entered in favor of plaintiff in the amount of $20,000. The offer of judgment was not accepted.

The Court trial began on June 14, 2005 and ended on June 17, 2005. The Court issued Findings of Fact and Conclusions of Law on June 29, 2005 in which the Court stated, as pertinent to this motion:

> "The Plaintiff, Exportadora, has failed to meet its burden of proof on either liability or damages. It is awarded nothing on its complaint.
>
> "The Cross-Defendant, Heritage, has failed to meet its burden of proof on damages. It is awarded nothing on its cross-complaint.
>
> "The vast majority of the discovery, the motions and the pleadings in this case involve BOTH the complaint and the cross-action. Since neither side prevailed in their efforts at affirmative relief, each side is to bear its own costs and attorney fees." (Doc. 55, Findings of Fact and Conclusions of Law, p. 10-11.)

Thus, the Court concluded that neither side should recover its fees or costs. Judgment was entered accordingly on June 29, 2005.

Heritage submitted a Bill of Costs on July 11, 2005. The Bill of Costs was denied by minute order on July 12, 2005, citing to the Findings of Fact and Conclusions of Law. (See Doc. 60, "MINUTE ORDER: (TEXT ONLY) Bill of Costs is DENIED - See Doc. 55 Findings of Fact & Conclusions of Law, page 11, lines 5-6.")

Heritage filed this motion on October 24, 2005.

## ANALYSIS AND DISCUSSION

Defendant argues that it had made a timely Rule 68 offer of judgment. It argues that, thereafter, it prevailed against plaintiff and as such, an award of its post offer costs is mandatory.

**Rule 68 is Inapplicable**

Rule 68 states, in pertinent part:

> "At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. . . . If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.

Neither party addressed the following line of controlling case authority. The Supreme Court has held that Rule 68 is inapplicable where plaintiff loses and judgment is entered against plaintiff. *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352, 101 S.Ct. 1146, 1150 (1981). In *Delta Air Lines, Inc.*, plaintiff sued defendant for employment discrimination. Defendant timely made a Rule 68 offer of judgment, which plaintiff refused. Plaintiff later lost at trial and judgment was entered for each party to bear its own costs. *Id.* at 348-349. Defendant moved to modify the judgment contending that under Rule 68 the plaintiff should be required to pay defendant's costs incurred after the offer of judgment had been refused. For reasons unrelated to the instant case (i.e., whether the offer was made in good faith), the district and appellate court found that the cost shifting provisions of Rule 68 did not apply. On appeal to the Supreme Court, the Court stated that "the threshold question [is] whether Rule 68 has any application to a case in which judgment is entered against the plaintiff-offeree and in favor of the defendant-offeror." *Id.* At 350. Construing the plain language of Rule 68, the Supreme Court held:

> "In sum, if we limit our analysis to the text of the Rule itself, it is clear that it applies only to offers made by the defendant and only to judgments obtained by the plaintiff. It therefore is simply inapplicable to this case because it was the defendant that obtained the judgment." *Delta Air Lines, Inc.*, 450 U.S. at 352.

Thus, the Court held that Rule 68 is inapplicable to the situation where a judgment is entered against plaintiff. Instead, the trial judge retains his discretion to award costs under Rule 54. *Id.* at 353 (rejecting defendant's argument to the contrary).

Similarly, in *MRO Communications, Inc. v. American Tel. & Tel. Co.*, 197 F.3d 1276, 1280 (9th Cir. 1999), *cert. denied*, 529 U.S. 1124, 120 S. Ct. 1995 (2000), the Ninth Circuit held, "Federal Rule 68 is inapplicable in a case in which the defendant obtains judgment. Where a defendant prevails after making an offer of judgment, the trial judge retains his Rule 54(d) discretion," citing *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352, 101 S.Ct. 1146 (1981). Accordingly, where a defendant prevails after making an offer of judgment, Rule 68 does not apply and the trial judge retains discretion under Rule 54(d) regarding costs.

Since Rule 68 does not apply to the situation because plaintiff did not prevail, the costs considerations fall under Rule 54. Under Rule 54, this Court retained discretion to deny costs.

///////

**Timeliness of the Motion**

Plaintiff argues that the motion is untimely, an improper reconsideration or statutorily improper. While these arguments may be worthy of consideration, the issues are moot in light of the inapplicability of Rule 68 in the context of this case.

## **CONCLUSION**

For the foregoing reasons, defendant Heritage Produce Sales' motion to modify the judgment is DENIED.

IT IS SO ORDERED.

**Dated:     December 2, 2005**             /s/ Lawrence J. O'Neill
b9ed48                                              UNITED STATES MAGISTRATE JUDGE